PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Deon LoveDocket Number: 06-cr-00500-REB-01

**Petition on Supervised Release**

COMES NOW, Kurt Pierpont, probation officer of the court, presenting an official report upon the conduct and attitude of Deon Love who was placed on supervision by the Honorable Scott O. Wright sitting in the court at Springfield, Missouri, on the 25th day of May, 2004, who fixed the period of supervision at three (3) Years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

2. The defendant shall not consume alcohol or possess alcoholic beverages or beer, at any time.

3. The defendant shall submit his person, residence office or vehicle to a search.

**Note: Jurisdiction in this matter was transferred to the District of Colorado December 6, 2006**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for violations of supervised release.

ORDER OF THE COURT

Considered and ordered this 19th day of June, 2007, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

s/ Kurt Pierpont

Kurt Pierpont
Senior Probation Officer

s/ Robert E. Blackburn

Robert E. Blackburn
United States District Judge

Place: Denver, Colorado
Date: June 13, 2007

## ATTACHMENT

On August 3, 2006, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read and explained to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced July 28, 2006.

The defendant has committed the following violations of supervised release:

**1.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about August 18, 2006, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 18, 2006, the defendant submitted a random urine specimen at Addiction Research and Treatment Services (ARTS). This specimen was subsequently tested at the United States Probation and Pretrial Services Office in Albuquerque, New Mexico, and confirmed at Kroll Laboratory in Gretna, Georgia, for the presence of cocaine in the defendant's system. On August 25, 2006, I confronted defendant with the positive urine result. Defendant initially denied ingesting cocaine, but later admitted to using cocaine with his cousin. Defendant said his cousin "laid out some lines" and defendant did one.

**2.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about September 20, 2006, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 20, 2006, the defendant submitted a random urine specimen at Addiction Research and Treatment Services (ARTS). This specimen was subsequently tested at the United States Probation and Pretrial Services Office in Albuquerque, New Mexico, with results confirming positive for the presence of cocaine in defendant's system. On September 29, 2006, I confronted defendant with the positive urine specimen and defendant told me that he was just "in the wrong place with the wrong people."

**3.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 10, 2007, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 10, 2007, the defendant submitted a random urine specimen at Correctional Management Inc. (CMI). This specimen was subsequently tested at the United States Probation and Pretrial Services Office in Albuquerque, New Mexico, and confirmed at Kroll Laboratory in Gretna, Georgia, for the presence of

cocaine in the defendant's system.  On January 24, 2007, I confronted defendant with the positive urine specimen and defendant initially denied using cocaine, but later said that he went over to a friend's house where he consumed cocaine.

**4.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 27, 2007, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 27, 2007, the defendant submitted a random urine specimen at Correctional Management Inc. (CMI).  This specimen was subsequently tested at the United States Probation and Pretrial Services Office in Albuquerque, New Mexico, and confirmed at Kroll Laboratory in Gretna, Georgia, for the presence of cocaine in the defendant's system.  On June 5, 2007, I confronted defendant with the positive urine specimen and defendant initially denied using cocaine, but later said that he "did a couple of lines."

**5.     FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about March 1, 2007, the defendant was directed to report to the probation officer by 3:00 p.m. on March 1, 2007, and he failed to so report, which constitutes a Grade C violation of supervised release.

Ths charge is based on the following facts:

On March 1, 2007, I went to defendant's residence for the purpose of collecting a random urine specimen.  Defendant was unable to void sufficiently.  Defendant said that he had to take his common law wife (Erica Reed) to the hospital and I directed defendant to report to the probation office prior to taking Ms. Reed to the hospital and prior to 3:00 p.m.  Defendant failed to report to the probation office on May 1, 2007, nor did he contact the probation officer in advance to cancel or reschedule the appointment.

**6.     FAILURE TO REPORT ARREST BY LAW ENFORCEMENT OFFICER**

On or about November 7, 2006, defendant was arrested by Denver Police, and failed to report the arrest within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about November 7, 2006, defendant was arrested by Denver Police and subsequently charged in Denver District Court with Possession of a Controlled Substance Over 1 Gram (Class 3 Felony), and Possession of a Schedule II Controlled Substance Over 1 gram (Class 4 Felony), Docket No. 2006-CR-7059.  Defendant posted bond November 14, 2007, and didn't report the arrest to the probation officer until November 15, 2007.  This matter is currently scheduled for a motions hearing August 2, 2007, and a jury trial September 10, 2007,  in Division 12.

7.  **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to participate in counseling sessions at CMI, on 11/1/06; 12/7/06; 12/14/06; 1/25/07; 2/1/07; 2/8/07; 2/15/07; 4/5/07; and 5/1/07, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 3, 2006, the defendant was referred to ARTS for substance abuse counseling and random urine testing. Due to contractual changes, in October 2006, defendant was referred to CMI for continued substance abuse counseling and urine testing. Correspondence received from the respective treatment agencies reflect that the defendant failed to participate in counseling or provide random urine samples as required on the following dates: 11/1/06; 12/7/06; 12/14/06; 1/25/07; 2/1/07; 2/8/07; 2/15/07; 4/5/07; and 5/1/07.

8.  **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to participate in random urine testing at ARTS/CMI, on 9/5/06; 9/27/06; 10/6/06; 10/19/06; 10/22/06; 10/27/06; 11/1/06; 12/13/06; 12/31/06; 1/14/07; 2/1/07; 2/17/07; 3/14/07; 3/18/07; 4/2/07; 5/6/07; 5/16/07; and 6/4/07, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 3, 2006, the defendant was referred to ARTS for substance abuse counseling and random urine testing. Due to contractual changes, in October 2006, defendant was referred to CMI for continued substance abuse counseling and urine testing. Correspondence received from the respective treatment agencies reflect that the defendant failed to provide random urine samples as required on the following dates: 9/5/06; 9/27/06; 10/6/06; 10/19/06; 10/22/06; 10/27/06; 11/1/06; 12/13/06; 12/31/06; 1/14/07; 2/1/07; 2/17/07; 3/14/07; 3/18/07; 4/2/07; 5/6/07; 5/16/07; and 6/4/07